UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANK X. GRAY JR., *as President and Acting
Business Manager of the International Union of
Operating Engineers, Local 14-14B, AFL-CIO*, and
EDWIN L. CHRISTIAN, CHRIS CONFREY,
JOHN CRONIN, ALFRED GEROSA, FRANK X.
GRAY JR., JOHN HYERS, THEODORE E. KING,
and JOHN F. O'HARE, *as Trustees of the Annuity,
Pension, Welfare and Training Funds of the
International Union of Operating Engineers, Local
14-14B, AFL-CIO,* and JOHN AND JANE DOE *as
beneficiaries of the Annuity, Pension, Welfare and
Training Funds of the International Union of
Operating Engineers, Local 14-14B, ALF-CIO*,

                       Plaintiffs,         REPORT AND
                                         RECOMMENDATION

     – against–

                                               04 CV 273 (NG)(SMG)

FIVE BORO CONSTRUCTION NY, CORP.,
and RICHARD COLABRO,
                       Defendants.
------------------------------------------------------------------X
GOLD, United States Magistrate Judge:

     Plaintiffs, Frank X. Gray Jr., as President and Acting Business Manager of the International Union of Operating Engineers, Local 14-14B, AFL-CIO (the "Union"), Edwin L. Christian, Chris Confrey, John Cronin, Alfred Gerosa, Frank X. Gray Jr., John Hyers, Theodore E. King, and John F. O'Hare, as Trustees of the Annuity, Pension, Welfare and Training Funds of the International Union of Operating Engineers, Local 14-14B, AFL-CIO (collectively called the "Funds"), and John and Jane Doe as beneficiaries of the Funds, bring this action against defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*., seeking to recover delinquent contributions owed to the Funds. On May 17, 2004, after

defendant Five Boro Construction NY, Corp., ("Five Boro") failed to file an answer or otherwise respond to the Complaint, the Clerk of Court noted Five Boro's default. The Honorable Nina Gershon then referred plaintiffs' motion for a default judgment for a report and recommendation with respect to whether Five Boro should be ordered to cooperate in the performance of an audit by plaintiffs' representative and pay any determined deficiency, and with respect to the amount of damages, interest, and attorneys' fees, if any, owed to plaintiffs.

For the reasons stated below, I respectfully recommend that plaintiffs' request for a default judgment against Five Boro be granted, and that a judgment be entered which requires Five Boro to (1) cooperate in the performance of an audit by plaintiffs' auditors, on a date set by plaintiffs, by providing all requested books and records for the period from February 20, 2002 through April 20, 2004, which plaintiffs' auditors deem relevant to the determination of whether there has been a deficiency in required contributions to the Funds; (2) pay any deficiency in fringe benefit contributions determined by the audit within thirty days after receiving notice of the deficiency, plus 6% interest calculated from the date on which the payments came due; (3) pay liquidated damages in an amount equal to the interest calculated on any deficiency determined by the audit; and (4) pay all audit costs. I further recommend that plaintiffs be awarded attorneys' fees in the amount of $2,125.00 and costs in the amount of $340.00.

## BACKGROUND

The facts pertinent to the determination of this motion are undisputed and are set forth in the Complaint ("Compl.") and the April 20, 2004, affidavit of plaintiffs' attorney, James M. Steinberg, Esq. ("Steinberg Apr. Aff."). Five Boro has failed to file any submissions in opposition to the relief sought by plaintiffs or otherwise appear in this action.

The Funds are multiemployer and employee benefit plans organized and operated pursuant to sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3), (37). Compl. ¶ 11. They maintain an office at 141-57 Northern Boulevard, Flushing, New York 11354. Compl. ¶ 7. The Union is a labor organization within the meaning of section 2 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 152 *et seq*. Its principal place of business is in Flushing, New York. Compl. ¶ 6.

Five Boro is a corporation organized under the laws of New York, with its principal place of business in Brooklyn, New York. Compl. ¶ 12. It is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5). Compl. ¶ 15.

At all times relevant to this action, Five Boro has been bound by the terms of a collective bargaining agreement between the Union and Five Boro, dated February 20, 2002 ("CBA"). Compl. ¶ 19. Under the terms of the CBA, Five Boro is obligated to make contributions to the Funds on behalf of all Local 14 members it employs. Compl. ¶ 20; Steinberg Apr. Aff. ¶ 9. Specifically, Five Boro is required to make payments to the Funds based on an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the Funds. Compl. ¶ 29.

Further, as a signatory to the CBA, Five Boro agreed to be bound by all agreements and declarations of trust, amendments and regulations thereto, and to remit contributions in accordance with procedures established by the Funds. Steinberg Apr. Aff. ¶ 8. Pursuant to the collection and audit procedures established by the Funds' Board of Trustees ("Collection and Audit Procedures"), the Funds are authorized to have their representatives examine Five Boro's books and records to determine whether Five Boro has made proper contributions to the Funds. Steinberg Apr. Aff. ¶ 10

3

(citing to relevant portions of the operative trust agreement and other related documents, all of which are attached as exhibits).

According to the Complaint, Five Boro failed to make the contractually required fringe benefit contributions to the Funds. Compl. ¶ 20; Steinberg Apr. Aff. ¶ 9. Despite repeated efforts by the Funds to collect contributions owed, Five Boro remains delinquent. Compl. ¶ 21. Plaintiffs estimate that the amount owed by Five Boro is $50,000.00, but cannot determine the exact amount because it is unclear whether Five Boro filed accurate employment reports. Compl. ¶¶ 20, 31; Steinberg Apr. Aff. ¶ 9. The precise amount Five Boro owes the Funds cannot be determined without an audit of Five Boro's books and records. Compl. ¶ 32; Steinberg Apr. Aff. ¶ 9.

Plaintiffs commenced this action on January 23, 2004, by filing a Summons and Complaint. Plaintiffs served Five Boro on March 26, 2004, by delivering two copies of the Summons and Complaint to an authorized agent at the Office of the Secretary of State of the State of New York. Thereafter, plaintiffs applied for an entry of a default judgment against Five Boro. Plaintiffs discontinued their claims against defendant Richard Colabro when they were unable to serve him. Steinberg Apr. Aff. ¶ 7.

Plaintiffs now seek an order directing Five Boro to produce its books and records for the period from February 20, 2002 through April 20, 2004, for audit and inspection. Compl. ¶ 32; Steinberg Apr. Aff. ¶ 10. These books and records include but are not limited to Internal Revenue Service tax forms 941 and w-2, quarterly payroll tax forms, corporate payroll records, cash disbursement records, payroll reports, and canceled checks. Steinberg Apr. Aff. ¶ 10. Plaintiffs further seek to recover from Five Boro any delinquent contributions revealed by the audit, together with interest, liquidated damages, and audit costs. Compl. at 6-7; Steinberg Apr. Aff. ¶ 11.

Plaintiffs also seek attorneys' fees and costs. Compl. at 6-7; Steinberg Apr. Aff. ¶ 12.

## DISCUSSION

**I.      Liability**

Once a default is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Montcalm Pub. Corp. v. Ryan, 807 F. Supp. 975, 977 (S.D.N.Y. 1992).

Plaintiffs allege that Five Boro failed to pay required fringe benefit contributions in violation of Section 515 of ERISA, 29 U.S.C. § 1145, thereby giving rise to a claim pursuant to Section 502(a)(3), 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) provides as follows:

> (a) Persons empowered to bring a civil action. A civil action may be brought–
>> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) requires that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of—
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

>> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Plaintiffs' complaint and moving papers in support of their default judgment motion allege, among other things, that Five Boro is an employer within the meaning of ERISA, that the Funds are multiemployer plans as defined by ERISA, and that Five Boro failed to make required contributions to the Funds in violation of ERISA. Clearly, plaintiffs have alleged sufficient facts to support their claims that Five Boro violated ERISA and that they are entitled to judgment.

## II.    Damages

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. See Greyhound Exhibitgroup, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. Id. A court must ensure that a basis exists for the damages sought by a plaintiff before entering judgment in the amount demanded. See Fustock v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. See Fed. R. Civ. P. 55(b)(2); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991); Fustok, 873 F.2d at 40.

Plaintiffs in this case have submitted detailed affidavits from their attorney, James Steinberg, Esq., and a memorandum dated November 10, 2004 ("Pl.'s Mem.") in support of their motion for default judgment. Based on these submissions, the relief to which plaintiffs are entitled may be determined without an evidentiary hearing. Plaintiffs seek various measures of relief, and each is addressed below.

### A. Audit

First, plaintiffs seek an order directing Five Boro to cooperate in the performance of an audit and to produce various documents for the period from February 20, 2002 through April 20, 2004. As noted above, the civil enforcement provisions of ERISA empower the court to award equitable relief. 29 U.S.C.§ 1132(g)(2)(e). Here, moreover, Five Boro is contractually obligated to cooperate in an audit of its books and records. The Collection and Audit Procedures unequivocally require Five Boro to cooperate in an audit of its books and records. Mot. for Partial Default J. Ex. D sections I, IV. Further, pursuant to these procedures, the Funds' auditors are entitled to inspect all of Five Boro's financial records relevant to determining whether Five Boro made proper contributions to the Funds. Mot. for Partial Default J. Ex. D section I. These records include payroll ledgers, federal and state tax returns, and Internal Revenue Service Forms 941. Id.

Accordingly, I respectfully recommend that Five Boro be ordered to cooperate in an audit to be conducted on a date or dates set by plaintiffs, and to make available for review by plaintiffs' auditors all books and records for the period from February 20, 2002 through April 20, 2004 relevant to the determination of whether Five Boro has made proper contributions to the Funds. These records should include: (1) federal and state tax returns; (2) Internal Revenue Service tax forms 941; (3) corporate payroll records indicating, *inter alia*, the name of each employee, the gross wages paid, and the hours worked; (4) cash disbursement records; and (5) payroll reports.

### B. Audit Costs

If an audit is conducted, plaintiffs are entitled, pursuant to the Collection and Audit Procedures, to reimbursement for the cost of the audit. Mot. For Partial Default J. Ex. D. section I ¶ 4 (the Funds have "the right to require that the delinquent employer pay the cost of the audit");

Maguire v. Am. Piles, No. 01-9483, 2002 WL 31626972, at *2 (S.D.N.Y. Nov. 21, 2002) (ordering defendant to pay audit costs in the event an audit is conducted). I therefore recommend that Five Boro be ordered to pay all audit costs.

### C. Contributions/Interest

Assuming an audit is conducted and a deficiency determined, plaintiffs seek an order requiring Five Boro to pay the determined deficiency within thirty days of receipt of notice of the deficiency amount. Pursuant to 29 U.S.C. § 1132(g)(2)(A), a plaintiff is entitled to an award representing the amount of unpaid contributions. Accordingly, and subject to Five Boro's right to contest the audit results within the thirty day period, I recommend that this aspect of plaintiffs' request for relief be granted as well. See Maguire v. America Piles, Inc., No. 01-9483, 2002 WL 31626972, at *2 (S.D.N.Y. Nov. 21, 2002) (awarding plaintiffs unpaid contributions in the event audit is conducted).

Plaintiffs also seek interest on any deficiency determined by the audit. Section 1132(g)(2) provides for payment of interest on unpaid contributions at the rate provided under the relevant plan or, if none is stated, the rate prescribed by I.R.C. § 6621. In this case, the Trust Agreement provides that ". . . [i]f any employer defaults in the making of such payments there shall be added to the obligation of the Employer who is in default . . . interest at the rate of six percent (6%) and all other expenses incurred by the Trustees in connection with the default. . . ." Mot. for Partial Default J. Ex. C ¶ 4.7(2).[1] Accordingly, assuming an audit is conducted and a deficiency determined, plaintiffs

---

[1] The Collection and Audit Procedures state that "interest shall accrue on delinquent contributions from the due date at the prime rate, plus one percent." (Mot. for Partial Default J. section II ¶ 3.) However, since the relevant Trust Agreement states that interest on delinquent contributions accrue at a rate of 6%, I recommend that plaintiffs be awarded 6% interest on delinquent contributions. Additionally, this is the interest rate requested by plaintiffs in their papers in support of this motion.

should be awarded 6% interest on the unpaid contributions, calculated from the date the payments came due. See Mason Tenders District Council v. Envirowaste and Transcontractors, No. 98-4040, 1999 WL 370667, at *2 (S.D.N.Y. June 7, 1999) (awarding interest on unpaid benefits from the date the payments first came due); Mason Tenders District Council Welfare Fund v. Mackroyce Constr. Corp., No. 96-4693, 1998 WL 193075, at *2 (S.D.N.Y. April 22, 1998).

### C.  Liquidated Damages

Plaintiffs also seek liquidated damages equaling 20% of the net amount of any calculated deficiency in contributions. As noted above, ERISA provides for liquidated damages in "an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent of [the court's damages award for unpaid contributions]." 29 U.S.C. § 1132(g)(2)(c). As a result, Section 1132(g)(2)(C)(ii) applies only where the plan contains a specific liquidated damages clause.

In this case, the Collection and Audit Procedures provide for the payment of liquidated damages, but are silent as to any percentage rate. Mot. for Partial Default J. Ex. D section I ¶ 5. Accordingly, I recommend that, if an audit is conducted and a deficiency is determined, Five Boro be ordered to pay plaintiffs liquidated damages equal to the amount of interest calculated to be due.

### D.  Attorneys' Fees and Costs

Finally, plaintiffs seek attorneys' fees in the amount of $2,125.00 and costs in the amount of $340.00.[2] ERISA provides that a court "shall award attorneys' fees and costs to the prevailing

---

[2] Plaintiffs revised their original fee application in response to a request from the court. In their Memorandum In Support Of A Finding Of A Default Judgment & Damages, plaintiffs requested $2062.50 in fees, but in their new submissions dated May 16, 2005, plaintiffs request $2125.00. Because plaintiffs' counsel explains that he omitted .5 hours from the November submissions, I analyze plaintiffs' request for attorneys' fees based on the $2125.00 figure.

9

party in an action to recover unpaid contributions." 29 U.S.C. § 1132(g)(2)(D). In addition, the Collection and Audit Procedures provide that a "delinquent employer pay . . . attorneys' fees and other expenses." Mot. for Partial Default J. Ex. D section I.

The Second Circuit requires that applications for attorneys' fees be supported by contemporaneous time records showing "for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Here, plaintiff's counsel has submitted an affidavit with supporting documentation. These documents set forth an hourly billing rate of $250.00 and indicate that 8.5 hours were expended. ("Steinberg May Aff.") Although plaintiffs' counsel has submitted contemporaneous time records for only 2.5 of these 8.5 hours, plaintiffs have submitted copies of invoices detailing the services performed during the remaining 6 hours. Courts in this district have recognized that attorney affidavits which set forth time charges with specificity are sufficient to support a fee award even where original contemporaneous time records are missing. David v. Sullivan, 777 F. Supp. 212, 223 (E.D.N.Y. 1991) (citations omitted); see also Cruz v. Local Union No. 3, 34 F.3d 1148, 1159 (2d Cir. 1994) (typed summaries of hours drawn from contemporaneous time records, without submission of actual time records, was sufficient to support attorneys' fees application).

The hourly rate sought by counsel, and time expended, both appear to be reasonable. See, e.g., Hine v. Mineta, 253 F. Supp. 2d 464, 466 (E.D.N.Y. 2003) (prevailing party in employment discrimination case awarded $225.00 per hour per partner). Accordingly, I respectfully recommend that plaintiffs be awarded $2125.00 in attorneys' fees. Plaintiffs' request for costs totaling $340.00, comprised of a $150.00 filing fee, a statutory fee of $20.00, and a process server fee of $170.00, Pls.'

Mem. Ex. E, is reasonable as well, and I recommend it be granted.

## *CONCLUSION*

For the reasons stated herein, I respectfully recommend that plaintiffs' request for a default judgment be granted, and that a judgment be entered which requires Five Boro to (1) cooperate in the performance of an audit by plaintiffs' auditors, on a date set by plaintiffs, by providing all relevant books and records requested by plaintiffs' auditors for the period from February 20, 2002 through April 20, 2004; (2) pay any deficiency in fringe benefit contributions determined by the audit within thirty days after receiving notice of the deficiency, plus 6% interest calculated from the date on which the payments came due; (3) pay liquidated damages in an amount equal to the amount of interest awarded; (4) pay all audit costs; and (5) pay attorneys' fees in the amount of $2,125.00 and costs in the amount of $340.00.

Plaintiffs' counsel is directed to promptly serve a copy of this Report and Recommendation on Five Boro at its last known address and to file proof of service with the Court. Any objections to the recommendations contained herein must be filed with The Honorable Nina Gerson on or before September 20, 2005. Failure to object may preclude appellate review. 28 U.S.C. § 636(b); Fed. R. Civ. P. 6, 72; <u>Small v. Secretary of Health and Human Services</u>, 892 F.2d 15 (2d Cir. 1989).

```
            _____/s/_____
            STEVEN M. GOLD
            United States Magistrate Judge
```

Brooklyn, New York
September 6, 2005

U:\Frank X. Gray v. Five Boro Construction NY.wpd